# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN
GROVER SELLERS
ATTORNEY GENERAL



Honorable Fred V. Meridith
Criminal District Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. 0-6758
Re: Whether a county attorney can
waive his "duty" to file delinquent
tax suits; if not, can the county
attorney of Kaufman County employ
assistants for such duty and at
what salaries?

You have in effect requested our reconsideration
of Opinion No. 0-6650, addressed to you on the proposition
of whether a county attorney can "waive" or has the "option"
of not filing suits to collect delinquent taxes when called
upon to do so by the commissioners court, and in addition
have requested our opinion upon the following questions:

1. If the County Attorney of Kaufman County is
compelled to file suits for collection of delinquent taxes
and it becomes necessary for an assistant and other help
to effect such collection, what would be the compensation
for such help?

2. Would such salaries be subject to the 25%
increase as provided in Senate Bill No. 123, Acts of the
49th Legislature?

3. Could an assistant county attorney and stenog-
rapher be employed for the purpose of collecting delinquent
taxes in Kaufman County?

As shown in Opinion No. 0-6650 by citing statutes
and court decisions, it is the right and duty of the county
attorney to file suits for the collection of delinquent taxes.
When called upon by the commissioners court to perform this
duty, the county attorney has no other alternative but to
file such suits; if he refuses to do so, then the commis-
sioners court has, thirty days after making such a request

Honorable Fred V. Meridith, page 2

of the county attorney, the "option" of contracting with a competent attorney to enforce or assist in the enforcement of the collection of the delinquent taxes, or to insist that the county attorney perform his duty in filing such suits. The only "option" rests with the commissioners court in hiring another attorney to collect these taxes, and then only if the county attorney refuses to file these suits. In other words, the county attorney is the official whose duty and right it is to file these suits. If he fails to file them, the commissioners court can request that such be done, and if he still refuses after thirty days from the time the request is given, the commissioners court can, if it deems it necessary and expedient, hire another person to effect the collection. However, if the county attorney informs the commissioners court he does not intend to file these suits, the court does not have to wait thirty days after a request is made before entering into a contract with another attorney, but can secure a "waiver" from the county attorney of his right to file these suits and then proceed to contract with a competent attorney. Slimp v. Wise County, 96 S. W. (2d) 537. This is all the "waiver" the county attorney has; that is, to waive his right to file such suits so the commissioners court can contract with a third person immediately thereafter and not wait until thirty days after the request is given.

Therefore, we reaffirm our conclusion reached in Opinion No. 0-6650.

If you are compelled by the commissioners court to file these suits to collect delinquent taxes, and it becomes necessary to employ assistants and clerks, you will be guided by Article 3902 as to the proper method of securing such help, and their compensation will be governed by Section 3 of Article 3902, since Kaufman County has, according to the 1940 census, a population of 38,308. Senate Bill 123, 49th Legislature, would be applicable to these salaries. Your attention is directed to the fact that any additional salaries would be subject to the budget law, (Article 689a-9, 689a-11) and the county budget would have to be amended accordingly.

Honorable Fred V. Meridith, page 3

There is no statute providing for the employing of an assistant and stenographer to the County Attorney by Kaufman County to collect delinquent taxes, as is so provided for some larger counties. Article 331, R. C. S., provides, among other things, that assistant county attorneys shall take the official oath of office before entering upon the duties of their offices, and shall have the same powers, authority and qualifications as their principals, at whose will they shall hold office. Therefore, while there is no statute specifically authorizing the county attorneys of counties, such as yours, to appoint an assistant for the sole purpose of filing suits for the collection of delinquent taxes, such duty may be assigned to an assistant by his principal. The commissioners court may authorize the county attorney to employ a clerk who is a typist or a stenographer. See opinion No. 0-1874, a copy of which is enclosed. The compensation of these employees will, as heretofore stated, be governed by Article 3902, Section 3.

We are enclosing, as requested by you, our opinions dealing with the type of person the commissioners court can employ to collect delinquent taxes, and their relation to the case of Slimp v. Wise, supra.

We trust the foregoing answers your inquiries.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert O. Koch

Robert O. Koch
Assistant

APPROVED AUG 14 1945

ATTORNEY GENERAL OF TEXAS

ROK:AMM

ENCLOSURES


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN